IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS L. LOGUE *on behalf of himself and others similarly situated*,

    Plaintiff,

v.

WEST PENN MULTI-LIST, INC., HOWARD HANNA REAL ESTATE SERVICES, INC., COLDWELL BANKER REAL ESTATE LLC, FREEMAN REALTY COMPANY, EVEREST CONSULTING GROUP LP *d/b/a* NORTHWOOD REALTY SERVICES, and PRUDENTIAL PREFERRED REALTY,

    Defendants.

10cv0451
**ELECTRONICALLY FILED**

**MEMORANDUM AND ORDER OF COURT**

Thomas L. Logue, on behalf of himself and others similarly situated, brought this putative class action under the Sherman Act against West Penn Multi-List, Inc. and six Western Pennsylvania licensed real estate brokerages, alleging price fixing and restraint of competition among brokerages, inter alia. Complaint (Doc. No. 1), ¶¶ 76-82. , 15 U.S.C. § 1. All Defendants have joined in filing a Motion to Dismiss Complaint (Doc. No. 25) on the grounds that Plaintiff and the purported class lack antitrust standing under the Sherman Act; *Copperweld v. Independence Tube Corp.*, 467 U.S. 752 (1984) bars Plaintiff's claim "with respect to an alleged conspiracy" on the part of West Penn Multi-List; and Plaintiff's Complaint fails to allege the necessary facts to satisfy the Fed.R.Civ.P. 12(b)(6) pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937 (2009). Motion to Dismiss Complaint (Doc. No. 25) at ¶¶ 3-5.

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544

(2007), a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and more recently, *Ashcroft v. Iqbal*, a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951. It is not necessary for the plaintiff to plead evidence.

*Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977). The question is not whether the plaintiff will ultimately prevail. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007). Instead, the court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In considering a Rule 12(b)(6) motion, a court continues to accept all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of Plaintiffs' Complaint, assumed to be true for purposes of this motion to dismiss, allows the Court to draw a reasonable inference that the defendant may have committed antitrust violations and caused antitrust injury to Plaintiffs.  Although Defendants make some good points and argue persuasively in their brief in support of dismissal under Fed.R.Civ.P. 12(b)(6) and the reinvigorating *Twombley - Iqbal* standards for assessing the legal sufficiency of Plaintiff's claims, Plaintiffs make some good points and compelling arguments of their own in Plaintiff's Response to Defendants' Motion to Dismiss (Doc. No. 28).  After careful consideration of the competing positions of the parties as effectively set forth in their respective excellent briefs, this Court deems it premature to decide the issues raised in the motion to dismiss  at this stage of the proceedings, without the benefit of additional facts developed through the discovery process that may bear on the legal questions.  Accordingly,

**AND NOW, this 8th day of July, 2010, IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Complaint (Doc. No. 25) **IS DENIED**, without prejudice to raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

                                                          s/ Arthur J. Schwab
                                                          Arthur J. Schwab
                                                          United States District Judge

cc:     All Registered ECF Counsel and Parties