UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas L. Logue, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:10-cv-451 |
| West Penn Multi-List, Inc.; Howard Hanna Real Estate Services, Inc.; Coldwell Banker Real Estate LLC; Freeman Realty Company; Everest Consulting Group LP d/b/a Northwood Realty Services; and Prudential Preferred Realty, | ) ) ) ) ) ) ) ) ) | Judge Arthur J. Schwab |
| Defendants. | ) ) | |

**MOTION FOR PRELIMINARY APPROVAL OF THE
PROPOSED SETTLEMENT WITH ALL DEFENDANTS**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiff Thomas L. Logue ("Plaintiff"), through his undersigned counsel, hereby submits this Motion for Preliminary Approval of the Proposed Settlement with All Defendants. In support of the foregoing, Plaintiff states as follows:

1. Plaintiff filed his initial complaint on April 6, 2010, and thereafter an Amended Class Action Complaint on October 4, 2010, alleging that five real estate brokerages and the West Penn Multi-List ("West Penn") through their employees, conspired to restrain trade in certain the West Penn service area in violation of Section 1 of the Sherman Antitrust Act.

2. Following an unsuccessful attempt to mediate their claims in August 2010, the parties more recently resumed their settlement discussions and have reached agreement to settle their claims. *See* Stipulation of Settlement attached as Exhibit 1 to Memorandum in Support of

Plaintiff's Motion for Preliminary Approval of the Proposed Settlement with All Defendants ("Plaintiff's Memorandum of Law").

3. The proposed settlement is fair, reasonable and adequate because it is the result of arms-length negotiations between counsel experienced in complex antitrust class action litigation and in consideration of the complexity, expense and likely duration of the litigation, the risks of establishing liability and damages, and the reasonableness of the settlement fund in light of all the attendant risks of litigation, including the risks of collecting any judgment that might be obtained.

4. The proposed Notice of class action settlement (see Exhibit 3 to Plaintiff's Memorandum of Law) should be approved because it clearly states the nature of the action and who is included in the settlement Class, explains that this is an antitrust action based on allegations that the defendants engaged in an unlawful conspiracy to fix, raise, maintain, and stabilize prices for real estate brokerage services, tells members of the Class of their rights and options in the event they remain members of the settlement Class (and in the event they do not), informs class members that their interests will be represented by Class Counsel, although they may enter an appearance through their own counsel at their own expense, informs class members that they may request to be excluded from the settlement Class and the legal ramifications of so doing, explains the binding effect of a class judgment under Rule 23(c)(3), and instructs Class members on how to obtain copies of papers filed in the case and how to contact Class Counsel if the members have questions about the settlement or the case in general. Accordingly, the proposed Notice complies with the requirements of Rule 23(c)(2)(B) and due process.

5. The proposed settlement class is defined as "all individuals or businesses that purchased the brokerage defendants' real-estate brokerage services in the West Penn MLS Service Area from February 13, 2005 through February 13, 2009 ["Class Period"]"

6. Preliminary certification of the proposed settlement class should be granted because each of the requirements of Rule 23(a) is met for settlement purposes. *First*, Defendants' records indicate that there are more than 50,000 potential class members who purchased the Brokerage Defendants' services during the proposed Class Period, such that the class is so numerous that joinder of all its members would be impracticable. Fed.R.Civ.P. 23(a)(1). *Second*, there are several questions of law and fact that are common to the members of the Class. Fed.R.Civ.P. 23(a)(2). *Third*, the claims asserted by the representative plaintiff are typical of the claims of the Class he seeks to represent and he is not aware of any interests he possess that conflict with those of the Class. Fed.R.Civ.P. 23(a)(3). *Fourth*, Plaintiff and his counsel have and will continue to fairly and adequately represent the interests of the Class. Fed.R.Civ.P. 23(a)(4).

7. The proposed Class also satisfies the requirements of Rule 23(b) because (1) common issues relating to the existence and impact of the alleged price fixing conspiracy predominate over any individual issues, and (2) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

8. Further, the proposed plan of distribution of the settlement fund and proposed request for attorney's fees and costs are sufficiently reasonable and fall within the range of possible approval.

9. WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

(a) Preliminarily approve the proposed settlement with all Defendants;

(b) Preliminarily certify the proposed Class for settlement purposes;

(c) Find that the proposed form of Notice and plan of issuing notice to the Class meets the requirements of Rule 23 and due pocess;

(d) Direct that Notice be disseminated to the Class in the approved form and pursuant to the approved notice plan;

(e) Designate Plaintiff Thomas Logue as the representative of the Class for the purpose of seeking approval of the settlement of this action; and

(f) Designate Brian Penny of Goldman Scarlato & Karon, P.C. as Lead Counsel for the Class.

Date:  June 20, 2011 **Respectfully Submitted,**

*/s/ Brian D. Penny*_____

Brian D. Penny
**GOLDMAN SCARLATO & KARON, P.C.**
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone:   (484) 342-0700
Facsimile:    (484) 342-0701
Email:           penny@gsk-law.com

Daniel R. Karon
**GOLDMAN SCARLATO & KARON, P.C.**
700 W. St. Clair Avenue, Suite 204
Cleveland, OH 44113
Telephone:   (216) 622-1851
Facsimile:    (216) 241-8175
Email:           karon@gsk-law.com

John C. Evans
David J. Manogue
**SPECTER SPECTER EVANS & MANOGUE, P.C.**
436 Seventh Avenue

4

>
> The 26th Floor, Koppers Building
> Pittsburgh, PA 15219
> Telephone:   (412) 642-2300
> Facsimile:   (412) 642-2309
> Email:       john@ssem.com
>              dmanogue@ssem.com
>
>
> Mark Reinhardt
> Garrett D. Blanchfield
> **REINHARDT WENDORF & BLANCHFIELD**
> E-1250 First National Bank Building
> 332 Minnesota Street
> St. Paul, MN 55101
> Telephone:   (651) 287-2100
> Facsimile:   (651) 287-2103
> Email:       m.reinhardt@rwblawfirm.com
>              g.blanchfield@rwblawfirm.com
>
> *Attorneys for Plaintiff and the putative class*

5