## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas L. Logue, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 2:10-cv-451 |
| West Penn Multi-List, Inc.; Barbara Kohl; Howard Hanna Company d/b/a Howard Hanna Real Estate Services; Helen Hanna Casey; NRT Pittsburgh LLC d/b/a Coldwell Banker Real Estate Services; George Hackett; Robert P. Freeman d/b/a Freeman Realty; Everest Consulting Group LP d/b/a Northwood Realty Services; Thomas Hosack; PPR Realty, Inc. d/b/a Prudential Preferred Realty; and Ronald Croushore, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | *Electronically Filed* Judge: Hon. Arthur J. Schwab |
| Defendants. | ) ) | |

## ORDER AND FINDINGS PRELIMINARILY APPROVING CLASS SETTLEMENT AND DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS

This Court has before it a proposed class action settlement. Having reviewed the proposed Stipulation of Settlement, which is filed of record and is incorporated herein by reference (the "Settlement"), and having read and heard the presentations of counsel for the parties, the Court hereby ORDERS, ADJUDGES AND DECREES as follows:

**1.     Incorporation of Defined Terms.**  Unless otherwise indicated, all capitalized terms in this Order shall have the meanings set forth in the Stipulation of Settlement.

**2.     Class Representative and Lead Counsel.** Plaintiff Thomas Logue is designated as the representative of the Class for the purpose of seeking approval of the settlement of this

1

action. Brian Penny of Goldman Scarlato & Karon, P.C. is designated as Lead Counsel for the Class.

    **3.**    **Class Findings**. For purposes of the settlement of this action (and only for such purposes, and without an adjudication of the merits or a determination of whether a class should be certified if the settlement is not approved), the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23, the Rules of this Court and any other applicable law have been met in that:

    (a)    The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied, for settlement purposes, because the number of individuals in the Class numbers, at a minimum, in the tens of thousands, and thus, the Class Members are so numerous that their joinder before the Court would be impracticable;

    (b)    The commonality requirement of Fed. R. Civ. P. 23(a)(2) is satisfied, for settlement purposes, because the Class Members share at least one common factual or legal issue. Plaintiff has alleged several questions of fact and law purportedly common to the Class, including whether the Defendants conspired to hinder competition from lower cost and innovative real estate brokers, whether certain rules enacted by the Defendants discriminated against lower cost and innovative brokers, whether those rules violated Section 1 of the Sherman Antitrust Act, and whether the Defendants alleged conspiracy actually impacted commission rates or otherwise damaged the Class Members.

    (c)    The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied, for settlement purposes, because Plaintiff is similarly situated to each of the proposed Class Members, avers that the alleged conspiracy affected him and proposed Class Members in the

2

same manner, and he is not aware of any unique defenses to which is subject or any other conflict he may have with the proposed Class Members.

(d)    The requirement of Fed. R. Civ. P. 23(a)(4) that the representative Plaintiff and his attorneys will fairly and adequately represent and protect the interests of the Class is satisfied, for settlement purposes, in that (i) the interests of the named Plaintiff and the nature of his alleged claims are consistent with those of all Class Members, (ii) Plaintiff Logue is not aware of any conflicts between or among him and the Class Members, and (iii) Plaintiff Logue and the Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex class actions.

(e)    The requirements of Fed. R. Civ. P. 23(b)(3) that this class action (i) provides a fair and efficient method for the adjudication of the controversy and (ii) is a superior method to other available methods for the fair and efficient adjudication of the Class's claims, is satisfied for settlement purposes.

(f)    For settlement purposes, the Court finds that common issues of law and fact predominate over any potential individual issues because there are no individual issues that would overwhelm the common issues here presented. Moreover, the Court notes that because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

(g)    Additionally, a class action is superior to other methods for adjudicating these claims, in part, because: (i) the Class Members do not have any compelling need to individually control the prosecution of their actions; (ii) it would be impractical and inefficient to prosecute or defend separate actions in this matter; (iii) this action is far enough along that

3

requiring additional individual actions to be commenced at this stage would be highly inefficient and wasteful; (iv) the individual amount of each class member's potential claim is likely too small to warrant individual prosecutions, and (v) it is desirable to concentrate the litigation of the claims in this one action.

4. **Preliminary Class Certification for Settlement Purposes**. Based on the foregoing findings, the Court preliminarily finds the prerequisites of Federal Rule of Civil Procedure 23 to be satisfied, and hereby preliminarily certifies the Class for settlement purposes. The Court further finds that the Class, as defined in the Amended Complaint and the Stipulation of Settlement is sufficiently well-defined and cohesive.

5. **Findings Regarding Proposed Settlement**. The Court finds that: (a) the proposed settlement resulted from extensive arm's-length negotiations and was concluded only after counsel for Plaintiff had conducted discovery and consulted independent experts about the issues raised by Plaintiff's claims; (b) the proposed settlement provides meaningful cash benefits to the Class Members; and (c) the proposed settlement as described in the Stipulation of Settlement is sufficiently fair, reasonable and adequate to warrant sending notice of this action and the proposed settlement to the Class Members and holding a full fairness hearing on the proposed settlement.

6. **Fairness Hearing**. A hearing (the "Fairness Hearing") will be held on _November 1, 2011_, at _9:00 A_.m., in courtroom _7C_ of this Court to determine:

(a) whether this action should be finally certified as a class action for settlement purposes;

(b) whether the proposed settlement of this action should be approved as fair, reasonable and adequate;

4

(c)     whether this action should be dismissed with prejudice pursuant to the terms of the settlement;

(d)     whether Class Members should be bound by the release set forth in the proposed settlement;

(e)     whether Class Members should be permanently enjoined from (among other things) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from, any other lawsuit or proceeding in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances related thereto, in this action and/or the Released Claims and Transactions; and

(f)     whether Lead Counsel's application for an award of attorneys' fees and expenses, and Plaintiff's application for an incentive award, should be approved.

7.     **Pre-Hearing Notices to Class Members.**  Subject to the terms of the Stipulation of Settlement, Plaintiff shall cause the notices described below to be provided to potential Class Members in the manner set forth below.

(a)     **Notice by Mail**.  Plaintiff, or its claims administrator shall mail the Settlement Class Notice substantially in the form filed with this Court as Exhibit 2 to the Settlement Agreement to each potential Class Member as derived from Defendants' current and reasonably accessible electronic records and supplemented by a skip-trace process.

(b)     **Re-mailing and Additional Notice**.  Plaintiff, or its claims administrator, shall re-mail once any returned Settlement Class Notices returned by the Postal Service with a forwarding address.  Plaintiff, or its claims administrator, shall research any returned Settlement Class Notices that do not include a forwarding address.  If an updated address is found, then

5

Plaintiff, or its claims administrator, shall re-mail once any returned Settlement Class Notices to the updated address as soon as practical.

8.    **Findings Concerning Notice**. Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the parties, (c) the stake of each Class Member and (d) the possibility that certain Class Members might desire to exclude themselves from the Class or appear individually, the Court finds that notice given in the form and manner provided in paragraph 7 of this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Class Members (i) of the pendency of this action, (ii) of their right to exclude themselves from the Class and the proposed settlement, (iii) that any judgment, whether favorable or not, will bind all Class Members who do not request exclusion, and (iv) that any Class Member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance personally or through counsel. The Court further finds that the Settlement Class Notice provided in the Settlement Agreement are written in plain English and are readily understandable by Class Members. In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

9.    **Communications with Class Members**. Defendants shall refer all inquiries about the proposed settlement from present and past customers, including Class Members, to Lead Counsel or Lead Counsel's approved claims administrator. None of the Settling Parties or their counsel shall issue, or cause to be issued, any public statements about the settlement, whether by press release, interview, or other means until the settlement is finally approved,

6

provided, however, that any Released Defendant may respond to inquiries by stating that the Lawsuit has been resolved to the satisfaction of all parties.

      **10.**    **Exclusion from Class**. Any Class Member who wishes to be excluded from the Class must send a written request for exclusion to the Clerk of the Court at the address provided in the Settlement Class Notice.  Any such exclusion request must be sent by first-class mail, postage prepaid, and must be postmarked no later than *10/14/11* . Exclusion requests must specify the name and address of the Class Member, as well as the particular real estate transaction(s) upon which his/her membership in the Class is based. If the proposed settlement is approved, any Class Member who has not submitted a timely, written request for exclusion from the Class shall be bound by all subsequent proceedings, orders and judgments in this action.

      **11.**    **Objections and Appearances.**

      (a)    **Written Objections**. Any Class Member who does not file a timely, written request for exclusion and who complies with the requirements of this paragraph may object to any aspect of the proposed settlement, including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class's representation by the named Plaintiff or Lead Counsel, the request for attorneys' fees and expenses, and/or the incentive award to Plaintiff.  A Class Member may assert such objections either on his or her own or through an attorney hired at his or her expense. Any Class Member who wishes to object to the proposed settlement must file with the Court and deliver to Lead Counsel a written statement of objection. The statement must include (i) a reference to the case number, (ii) proof of his/her membership in the Class, (iii) a statement of each objection and (iv) the specific reason(s), if any, for each objection, including any legal support, evidence, papers or

briefs the Class Member wishes the Court to consider. The Class Member must provide the statement to each of the following:

> Clerk of the Court
> United States District Court for
> the Western District of Pennsylvania
> U.S. Courthouse
> PO Box 1805
> Pittsburgh, PA 15230

> Brian D. Penny
> Goldman Scarlato & Karon, P.C.
> 101 West Elm Street, Suite 360
> Conshohocken, PA 19428

The Court and Lead Counsel must *receive* any such written objections no later than **10/14/11**. Notwithstanding this deadline, class members unrepresented by counsel may raise an objection, in person, at the Fairness Hearing. Any Class Member who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any untimely objection shall be barred, unless the class member, unrepresented by counsel, raises his or her objection at the Fairness Hearing. Lead Counsel shall immediately provide a copy of each such written objection to Defendants' Counsel.

(b) **Notice of Appearance**. If a Class Member hires an attorney to represent him or her, the attorney must file a notice of appearance with the Clerk of the Court, and deliver a copy of that notice to Lead Counsel, at the addresses set forth in paragraph 11(a) of this Order. The Court and counsel must *receive* any such notices of appearance no later than **10/14/11**. Lead Counsel shall immediately provide a copy of each such notice of appearance to Defendants' Counsel.

8

(c)   **Appearance at Fairness Hearing**. Any Class Member who files and serves a timely, written objection pursuant to the terms of paragraph 11(a) of this Order and complies with the requirements of this paragraph may also appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear at the Fairness Hearing must deliver to Lead Counsel and file with the Court, at the addresses specified in paragraph 11(a) of this Order, a notice of intention to appear, setting forth the case number and the name, address and telephone number of the Class Member (and, if applicable, the name of the Class Member's attorney). Notices of intention to appear must be *received* no later than **_10/14/11_____**. Lead Counsel shall immediately provide Defendants' counsel with a copy of each such notice of intention to appear. Any Class Member, represented by counsel, who does not timely file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

**12.    Access to Discovery Materials**. Lead Counsel shall make available to any Class Member, by appointment during regular business hours, at the Class Member's expense, the documents produced to Lead Counsel through discovery in this action and deposition transcripts and attached exhibits generated in this action. Those documents shall be made available for review only at the offices of Lead Counsel. Any Class Member wishing to obtain access to those materials must first agree in writing to be bound by the Confidentiality Order previously entered in this action. Any breach of such Confidentiality Order shall constitute a violation of this Order and may, upon application to this Court by any aggrieved party, result in an order of contempt of court or other sanctions. If a Class Member hires an attorney to represent him or her in connection with reviewing such documents, the attorney must file a notice of appearance with

9

the Clerk of the Court, and deliver a copy of that notice to Lead Counsel, no later than

*10/14/11*   , at the addresses set forth in paragraph 11(a) of this Order.  Lead Counsel shall

immediately provide a copy of each such notice of appearance to Defendants' Counsel.

14.    **Preliminary Injunction**.  All Class Members who have not timely excluded

themselves from the Class are hereby enjoined from filing, commencing, prosecuting,

maintaining, intervening in, participating in (as class members or otherwise), or receiving any

benefits from any other lawsuit or proceeding in any jurisdiction based on or relating to the

claims and causes of action, or the facts and circumstances relating thereto, in this action and/or

the Released Claims and Transactions. In addition, all persons are hereby preliminarily enjoined

from filing, commencing, prosecuting or maintaining any other lawsuit as a class action

(including without limitation by seeking to amend a pending complaint to include class

allegations, or by seeking class certification in a pending action in any jurisdiction) on behalf of

Class Members who have not been timely excluded from the Class, if such other class action is

based on or relates to the claims and causes of action, or the facts and circumstances relating

thereto, in this action and/or the Released Claims and Transactions.   The Court finds that

issuance of this preliminary injunction is necessary and appropriate in aid of the Court's

jurisdiction over this action. The Court finds no bond is necessary for issuance of this injunction.

15.    **Service of Papers**.  Lead Counsel shall serve on all counsel of record and on all

other parties who have filed notices of appearance, at or before the Fairness Hearing, any further

documents in support of the proposed settlement, including responses to any papers filed by

Class Members.  Lead Counsel shall promptly furnish to all counsel of record any and all

objections or written requests for exclusion that may come into their possession and shall file

such objections and a list reflecting such requests for exclusion with the Court on or before the date of the Fairness Hearing.

16.     **Termination of Settlement**. This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Stipulation of Settlement; or (b) the proposed settlement is terminated in accordance with the Stipulation of Settlement or does not become effective as required by the terms of the Stipulation of Settlement for any other reason. In such event, the proposed settlement and Stipulation of Settlement shall become null and void and be of no further force and effect, and neither the Stipulation of Settlement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

17.     **Use of Order**. This Order shall not be construed or used as an admission, concession, declaration or finding by or against the Settling Defendants of any fault, wrongdoing, breach or liability, or of the appropriateness of certifying a class for litigation purposes.  Nor shall the Order be construed or used as an admission, concession, declaration or finding by or against Plaintiff or the Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

18.     **Continuance of Hearing**. The Court reserves the right to continue the Fairness Hearing without further written notice.

Signed this 23rd day of June, 2011.


Hon. Arthur J. Schwab

**APPENDIX "A":**

**DEFINITIONS AND RELEASE**

Except where otherwise indicated, all capitalized terms used in the attached Order and in this Appendix "A" shall have the meanings set forth below.

## I.   DEFINITIONS

A.   **Attorneys' Fees and Expenses.**   The term "Attorneys' Fees and Expenses" shall mean such funds as may be awarded to Plaintiff's Counsel to compensate them (and all other attorneys for Plaintiff or Class Members in this action, except for attorneys retained by individual Class Members or potential Class Members who exclude themselves from the Class) for their reasonable and necessary fees and expenses in connection with the Lawsuit.

B.   **Class**.   The "Class" for purposes of this settlement is defined as:

All individuals or businesses that purchased the brokerage defendants' real-estate brokerage services in the West Penn MLS Service Area from February 13, 2005 through February 13, 2009.

Excluded from the Class are any present or former officers, directors, agents, and/or employees of the Defendants and/or any person who makes a timely election to be excluded from the proposed Class.

C.   **Class Member or Members**.   The terms "Class Member" or "Class Members" shall mean members of the proposed Class who do not make a timely election to be excluded from the proposed Class.

D.   **Amended Complaint.**   The term "Amended Complaint" shall mean the Amended Complaint filed by Plaintiff in this Lawsuit on October 4, 2010.

E.   **Court**.   The term "Court" shall mean the District Court for the Western District of Pennsylvania, which is the court in which the Lawsuit is pending.

1

F.     **Defendants' Counsel.**   The term "Defendants' Counsel" shall refer to the law firms of Buchanan Ingersoll & Rooney PC, Metz Lewis Brodman Must O'Keefe LLC, and Brandt Milnes & Rea, P.C.

G.     **Final Order and Judgment**.   The term "Final Order and Judgment" shall mean (i) the Order of the Court finally approving this Settlement Agreement and (ii) the corresponding Final Judgment, substantially in the form and substance as Exhibits 3 and 4.

H.     **Final Settlement Date**.   The term "Final Settlement Date" shall refer to the date upon which the Court's Final Order and Judgment becomes "final." For purposes of this Settlement Agreement, the Final Judgment and Order shall become "final":

1.     If no appeal is taken therefrom, then on the first day after the date on which the time to appeal the judgment expires;

2.     If an appeal is taken therefrom, then on the first day after the date on which all appeals, including petitions for re-hearing or re-argument, petitions for re-hearing en banc, petitions for review, petitions for allowance of appeal, and petitions for *certiorari* or any other form of review, have been finally disposed in a manner affirming the Final Judgment and Order; or

3.     On a date after the entry of the Final Judgment and Order to which counsel for the Settling Parties mutually agree in writing.

I.     **Lawsuit**.   "Lawsuit" shall mean the lawsuit entitled *Logue v. West Penn Multi-List, Inc., et al.*, No. 2:10-cv-451 (W.D. Pa.)(AJS).

J.     **Lead Counsel.**   "Lead Counsel" shall refer to the law firm of Goldman Scarlato & Karon, P.C.

2

K.   **Plaintiff's Counsel**. "Plaintiff's Counsel" shall refer to Lead Counsel as well as Specter Specter Evans & Manogue, P.C. and Reinhardt Wendorf & Blanchfield.

L.   **Plaintiff**.   "Plaintiff" shall mean Thomas Logue, individually and as representative of the Class.

M.   **Preliminary Approval Order**.   "Preliminary Approval Order" shall have the meaning set forth in Section VI. A below, and it shall be substantially in the form and substance of Exhibit 1.

N.   **Release**. The "Release" shall refer to the release and covenant not to sue set forth in Section IV. below.

O.   **Released Defendants**. The "Released Defendants" shall be (i) West Penn Multi-List, Inc.; Howard Hanna Company d/b/a Howard Hanna Real Estate Services; Helen Hanna Casey; NRT Pittsburgh LLC d/b/a Coldwell Banker Real Estate Services; George Hackett; Robert P. Freeman d/b/a Freeman Realty; Everest Consulting Group LP d/b/a/ Northwood Realty Services; Thomas Hosack; PPR Realty, Inc. d/b/a Prudential Preferred  Realty; and Ronald Croushore (ii) any successors, parents, subsidiaries, insurers, attorneys, or affiliates of these entities; (iii) any past, present or future officers, directors, employees, agents, brokers, representatives, shareholders, corporate parents, subsidiaries, or affiliates of any of the foregoing; and (iv) any predecessors, successors, assigns, or persons acting on behalf of any of the foregoing.

P.   **Released Claims and Transactions**.   "Released Claims and Transactions" shall have the meaning set forth in Section II. A. below.

3

Q.     **Settlement Agreement**.   "Settlement Agreement" shall refer to this Agreement and the attached exhibits, which are an integral part of the Settlement Agreement and are incorporated herein in their entirety by reference.

R.     **Settlement Class Notice**.  "Settlement Class Notice" shall mean the legal notice, to be approved by the Court and provided to potential Class Members as described in Section VI. A. below.  It shall be substantially in the form and substance of Exhibit 2 hereto.

S.     **Settling Parties**.  "Settling Parties" shall mean (a) Plaintiff Thomas Logue and (b) Defendants West Penn Multi-List, Inc.; Howard Hanna Company d/b/a Howard Hanna Real Estate Services; Helen Hanna Casey; NRT Pittsburgh LLC d/b/a Coldwell Banker Real Estate Services; George Hackett; Robert P. Freeman d/b/a Freeman Realty; Everest Consulting Group LP d/b/a/ Northwood Realty Services; Thomas Hosack; PPR Realty, Inc. d/b/a Prudential Preferred Realty; and Ronald Croushore.

## II.    RELEASES

A.     **Release of Claims Against the Released Defendants**.  Effective upon the Final Settlement Date, Plaintiff and all Class Members do hereby release, acquit, and forever discharge the Released Defendants from the Released Claims and Transactions, and Plaintiff and all Class Members agree not to institute, maintain, or assert any claims against the Released Defendants based on the Released Claims and Transactions. The term "Released Claims and Transactions" shall mean any and all causes of action, claims, demands, liabilities, damages (compensatory, punitive or otherwise), equitable relief, legal relief, rights, and/or suits, of whatever nature or kind, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, or based on any statute, regulation or common law of any country, state, province, county, city or municipality, that have been, could have been, or may be alleged or asserted, now

4

or in the future, by Plaintiff or any Class Member against the Released Defendants (or any of them), whether in the Lawsuit, or in any other action or proceeding in or before any court, administrative body, tribunal, arbitrator, arbitration panel or any other forum, on the basis of, connected with, arising out of, or related, in whole or in part, to:

      1.     any or all of the acts, omissions, facts, matters, or representations that were alleged, asserted, described, set forth, related, or referred to in the Lawsuit; and/or

      2.     any or all acts, omissions, facts, matters, transactions, occurrences or representations relating to the matters covered by this Settlement Agreement.

Nothing in this release should be construed to release existing or future claims between Plaintiff or any Class Member and any Released Defendant(s) that do not arise out of or relate to the Released Claims and Transactions.

      B.     **Release of Claims Against Plaintiff, Plaintiff's Counsel and the Class**

Effective upon the Final Settlement Date, the Released Defendants and the other Released Parties will release as against Plaintiff Thomas Logue, Plaintiff's Counsel, and any other Class Member, and all of their respective related or affiliated persons or entities of all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of this action or any of the claims that were asserted therein, except for claims relating to the enforcement of the Settlement.

Effective upon the Final Settlement Date, Plaintiff Thomas Logue, Plaintiff's Counsel, and any other Class Member will release as against the Released Defendants, Defendants'

Counsel, and all of their respective related or affiliated persons or entities of all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the defense or settlement of this action or any of the claims that were asserted therein, except for claims relating to the enforcement of the Settlement.

Furthermore, no person shall have any claim against Class Counsel, any claims administrator, Defendants or Defendants' Counsel based on distributions made substantially in accordance with the Settlement Agreement, the Plan of Allocation, or further Court Orders.