IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas L. Logue, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Case No.: 2:10-cv-451 |
| West Penn Multi-List, Inc.; Barbara Kohl; Howard Hanna Company d/b/a Howard Hanna Real Estate Services; Helen Hanna Casey; NRT Pittsburgh LLC d/b/a Coldwell Banker Real Estate Services; George Hackett; Robert P. Freeman d/b/a Freeman Realty; Everest Consulting Group LP d/b/a Northwood Realty Services; Thomas Hosack; PPR Realty, Inc. d/b/a Prudential Preferred Realty; and Ronald Croushore, ) ) ) ) ) ) ) ) ) ) ) ) ) ) | *Electronically Filed* Judge: Hon. Arthur J. Schwab |
| Defendants. ) | |

**▇▇▇▇▇▇▇ FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
AND DISMISSING CLASS ACTION WITH PREJUDICE**

WHEREAS, Plaintiff and the Settling Defendants have entered into a Stipulation of Settlement dated June 15, 2011, together with related exhibits (collectively, the "Stipulation of Settlement"), which is filed of record and is incorporated herein by reference, to settle this class action;

WHEREAS, the Court entered an Order dated June 23, 2011 (the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes; ordering notice to potential class members; providing those persons with an opportunity either to

1

exclude themselves from the settlement class or to object to the proposed settlement; and scheduling a Fairness Hearing;

WHEREAS, the Court held a Fairness Hearing on November 1, 2011, to determine whether to give final approval to the proposed settlement; and

WHEREAS, the Settling Parties have complied with the Preliminary Approval Order and the Court is of the opinion that the Stipulation of Settlement is fair, adequate, and reasonable, and that it should be approved.

NOW THEREFORE, based on the submissions of the parties and Class Members, any objections, the testimony adduced at the Fairness Hearing, the pleadings on file, and the argument of counsel, the Court hereby finds, and it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

1. **Incorporation of Defined Terms.** Except where otherwise noted, all capitalized terms used in this Order shall have the meanings set forth in the Stipulation of Settlement.

2. **Jurisdiction.** The Court has personal jurisdiction over all Class Members and has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Class, to settle and release all claims arising out of the transactions alleged in Plaintiff's complaint or the Released Claims and Transactions, and to dismiss this action on the merits and with prejudice.

3. **Final Class Certification.** The following Class, previously certified preliminarily by the Court in its Preliminary Approval Order, is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23:
> All individuals or businesses that purchased the brokerage defendants' real-estate brokerage services in the West Penn MLS Service Area from February 13, 2005 through February 13, 2009.

2

Excluded from the Class are any present or former officers, directors, agents, and/or employees of the Defendants and/or any person who makes a timely election to be excluded from the proposed Class.

**4.     Opt-Outs.**  A list of those persons who have excluded themselves from the Class (opt-outs), and who therefore are not bound by this Order and the accompanying Final Judgment, is attached hereto as Appendix "B", which is incorporated herein and made a part hereof for all purposes.

**5.     Adequacy of Representation.**  The appointment of Brian Penny of Goldman Scarlato Karon & Penny P.C. as Lead Counsel for the Class, and the appointment of Plaintiff Thomas Logue as the Class representative, is fully and finally confirmed.  The Court finds that Lead Counsel and Plaintiff have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(g).

**6.     Class Notice.**  The Court finds that the distribution of the Settlement Class Notice, in accordance with the terms of the Stipulation of Settlement and this Court's Preliminary Approval Order, and as explained in the declarations filed before the Fairness Hearing:

(a)     constituted the best practicable notice to Class Members under the circumstances of this action;

(b)     was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the Class and the proposed settlement, (iii) their right to object to any aspect of the proposed

3

settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class's representation by Plaintiff or Lead Counsel, the award of attorneys' fees and expenses to Lead Counsel, and/or the incentive award to Plaintiff), (iv) if they did not exclude themselves from the Class, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Judgment in this action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class;

    (c)    was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice, and

    (d)    fully satisfied the requirements of the Due Process Clause of the United States Constitution, the Federal Rules of Civil Procedure, the Rules of this Court, and any other applicable law.

7.    **Final Settlement Approval.** The terms and provisions of the Stipulation of Settlement, including all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, Plaintiff and the Class Members and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law. The Settling Parties and Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions, and all objections to the Stipulation of Settlement are overruled.

8.    **Binding Effect.** The terms of the Stipulation of Settlement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiff and all other Class

Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this action or are otherwise encompassed by the Release described in the next paragraph of this Order.

**9.     Release.** The Release contained in Section IV of the Stipulation of Settlement, and which is also set forth in full in Appendix "A" hereto, is expressly incorporated herein in all respects, is effective upon the Final Settlement Date, and forever discharges the released parties from any claims or liabilities arising from or related to the Released Claims and Transactions.

**10.    Permanent Injunction.** All Class Members who have not timely excluded themselves from the Class (and therefore are not listed on Appendix "A" hereto) are hereby permanently barred and enjoined from (a) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit or proceeding in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims and Transactions, and (b) organizing or soliciting the participation of any Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims and Transactions. The Court finds that issuance of this permanent

injunction is necessary and appropriate in aid of the Court's jurisdiction over this action and to protect and effectuate the Court's Final Judgment.

**11. Enforcement of Settlement.** Nothing in this Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

**12. Attorneys' Fees and Expenses, and Incentive Award.** Counsel of record for the Class are hereby awarded attorneys' fees in the amount of $783,750.00, and reimbursement of their disbursements and expenses in the amount of $221,072.72, to be paid from the settlement fund to Lead Counsel within 48 hours of issuance of this Order. Lead Counsel, in their sole discretion, shall allocate and distribute the award of attorneys' fees and expenses among counsel for the Class. Plaintiff Thomas Logue is also hereby awarded an incentive award of $10,000.00 as compensation for his time, effort, and risk in prosecuting this action on behalf of the Class. The incentive award may be paid from the settlement fund within 48 hours of issuance of this Order.

**13. Other Payments.** The preceding paragraph of this Order covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Lead Counsel or any other counsel representing Plaintiff or Class Members. The claims administrator will continue to incur costs and expenses while the settlement is being administered. Once the settlement is completely administered, Plaintiff's counsel will make an accounting to the Court of the additional expenses to be paid from the settlement fund in connection with claims administration services. The claims administrator does not anticipate those expenses will exceed $75,000.00.

**14. Modification of the Stipulation of Settlement.** The parties are hereby

6

authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Stipulation of Settlement as are consistent with this Order and do not limit the rights of Class Members under that agreement.

**15.   Retention of Jurisdiction.** The Court has jurisdiction to enter this Order and the accompanying Final Judgment. Without in any way affecting the finality of this Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Stipulation of Settlement and of this Order and the accompanying Final Judgment, including, without limitation, for the purpose of:

(e)   enforcing the terms and conditions of the Stipulation of Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Stipulation of Settlement, this Order or the Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred or released by this Order and the Final Judgment, etc.);

(f)   entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Order, the Final Judgment, and the Stipulation of Settlement, or to ensure the fair and orderly administration of the settlement; and

(g)   entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

**16.   No Admissions.** Neither this Order, nor the accompanying Final Judgment, nor the Stipulation of Settlement (nor any other document referred to herein, nor any action taken to

7

negotiate, effectuate and implement the Stipulation of Settlement) is, may be construed as, or may be used as an admission or concession by or against the Settling Defendants as to the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Additionally, neither the Stipulation of Settlement nor any negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Order and Final Judgment and the Stipulation of Settlement; provided, however, that this Order, the accompanying Final Judgment and the Stipulation of Settlement may be filed and used in any action against or by the Settling Defendants to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

17. **Dismissal of Action.** This action, including all of the individual and Class claims included therein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Class Members, without fees or costs to any party except as otherwise provided in this Order and the Final Judgment.

18. **Separate Judgment**. The Court will separately enter the accompanying Final Judgment.

Signed this 1st day of November, 2011.

Hon. Arthur J. Schwab

8